```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

TIMOTHY S. SHULL                          CIVIL ACTION

VERSUS                                    NO:09-5515

UNITED BARGE LINES                        SECTION: "J" (4)
```

**ORDER AND REASONS**

Before the Court is Defendant's **Motion for Improper Venue and Transfer** (Rec. D. 4). Upon review of the record, the memoranda of counsel, the oral arguments, and the applicable law, this Court now finds that Defendants' Defendant's **Motion for Improper Venue and Transfer** (Rec. D. 4) is **GRANTED**.

**I. PROCEDURAL HISTORY AND BACKGROUND FACTS:**

This motion arises out of a personal injury suit filed by Plaintiff, Timothy Shull, against his employer United Barge Lines (hereafter "UBL") on August 13, 2009 asserting claims pursuant to the Jones Act and General Maritime Law. On August 18, 2009, Plaintiff amended his complaint to assert claims pursuant to Rule 9(h) of the Federal Rules of Civil Procedure.

Plaintiff alleges that he sustained an injury on September 26, 2008 in the course and scope of his employment as a seaman aboard the M/V SAM LITRICO owned and operated by UBL.

After the accident, Mr. Shull received the standard maintenance and cure from his employer in addition to some benefits through, what UBL refers to as, the Vessel Wage

Continuation Plan (hereafter "VWCP").  In order to enroll in the VWCP, Mr. Shull signed an application which included a venue selection clause requiring that he litigate any suits which arise from the VWCP in Paducah, Kentucky. The application also instructed Plaintiff that he must submit to treatment by company doctors and perform light duty work as able in order to continue receiving benefits.

Plaintiff alleges he was informed that he had to sign the form in order to continue receiving any payments. Plaintiff further alleges that the form he signed was an application which was ultimately denied since Mr. Shull did not continue to receive benefits through the VWCP.[1] Defendant denies that Plaintiff did not receive any benefit from the VWCP.

UBL is headquartered in Tampa, Florida. It also has offices in Metropolis, Illinois. This office is across the Ohio River from the Western District of Kentucky where the forum selection clause requires the suit to be brought.  The accident occurred in Tallulah, Louisiana.

Defendant filed this Motion to Transfer on September 15, 2009. (Rec. D. 4).  On October 14, 2009, the Court heard oral

---

[1]According to Defendant, Plaintiff also participated in a long term disability benefit plan offered by UBL. This program began in April 2009 and paid him 60% of his wages while his long term disability prognosis was determined. He has subsequently ceased to receive benefits in this program when the disability insurer determined that he was no longer disabled in October 2009.

argument and ordered the parties to submit additional briefing on the matter. (Rec. D. 14).

**II. DISCUSSION:**

Defendant alleges that the venue selection clause contained in the VWCP application is enforceable. Defendant relies on the principles established in M/S Bremen v. Zapata Offshore Co., which create a strong presumption in favor of the enforceability of venue selection clauses. 407 U.S.1, 10-11 (1972). According to Defendant, in order to show that a venue selection clause is invalid, a party must show that venue would be "so gravely difficult and inconvenient that [Plaintiff] will for all practical purposes be deprived of his day in court." Id. at 18. Defendant, with a supporting affidavit, claims that its office is "across the Ohio River from the boundaries" of the selected venue. Therefore, UBL argues that the venue is presumptively reasonable since one party resides almost within the forum. Further, Defendant argues that Plaintiff elected to enter into the agreement not for employment but as a result of his desire to enter into an *optional* supplemental benefit program. Defendant argues that since it is optional and not conditional for employment, there is a stronger presumption in favor of enforcement. Defendant also argues that the venue selection clause in this agreement is in a valid form.

Furthermore, Defendant argues that the factors of

convenience under 28 U.S.C. §1404(a) weigh in favor of granting Defendant's Motion to Transfer. Where parties agree to a venue, the burden shifts from Defendant to Plaintiff to show that the agreed upon venue is less convenient. See <u>Berg. v. Sage Environ. Consulting of Austin, Inc.</u>, 381 F. Supp. 2d 552, 558 (M.D.La. 2005).

Defendant also completes an analysis of the relative convenience of the parties as laid out in <u>Continental Grain Co. v. The FBL-585</u>, 364 U.S. 19 (1960). Defendant submits a list of potential witnesses, all of whom work for Defendant, who reside in various locations throughout Kentucky, Missouri and Arkansas. Defendant also avers that all the documents related to the vessel reside in Illinois which is closer to the venue it prefers in Kentucky than New Orleans. Defendant further argues that inspection of the vessel would be far more convenient if the vessel was inspected in Illinois since the vessel's stop in Louisiana, where the accident took place, was fortuitous and does not occur regularly. Finally, Defendant argues that the interests of justice are best served by adhering to the forum selection clause and not giving deference to Plaintiff's preference in this case.

In response, Plaintiff argues that the venue selection clause is unenforceable. Plaintiff argues that the forum selection clause in the present case violates a strong public

policy because it was obtained through deceit. Plaintiff alleges that by burying the forum selection clause in a document marked as an application, he was duped into agreeing to the forum selection. Plaintiff relies on the reasoning in M/S Bremen v. Zapata Offshore Co., which holds that a forum selection clause is not enforceable where it violates public policy. 407 U.S.1, 15 (1972).

Plaintiff also argues that, contrary to Defendant's assertions, the bulk of factors explained in Continental Grain weigh in favor of Plaintiff. In support of this proposition, Plaintiff indicates that: Plaintiff's preference should carry weight; the witnesses are employees of Defendant and therefore are easily available; and the alleged wrong occurred in Louisiana.

In a supplemental memorandum, Plaintiff makes a new and somewhat novel argument. Plaintiff alleges that recent changes to 46 U.S.C § 30104, the federal statute known as the Jones Act, render venue selection clauses inapplicable to cases brought pursuant to the Jones Act.

In 2008, Congress amended the general liability provisions of the Jones Act. Specifically, Congress omitted the section dealing with venue in 46 U.S.C § 30104 which establishes the cause of action for personal injury to or death of a seaman.

Plaintiff argues that this omission was designed to re-

establish the previous rule under the Jones Act which derives from the FELA which forbids the use of venue selection clauses. Boyd v. Grand Truck Western R. Co., 338 U.S. 263 (1949). In support of this proposition, Plaintiff cites the judiciary committee's report on the change which provides that:

> This subsection is being repealed to make clearer that the prior law regarding venue, including the holding of Pure Oil Co. v. Suarez, 384 U.S. 202 (1966) and cases following it, remains in effect, so that the action may be brought wherever the seaman's employer does business.

H.R. REP NO. 110-437.

In reply, Defendant counters that since Mr. Shull received the benefits associated with VWCP, he should be bound by the venue selection clause.

The Court conducted oral argument and gave the parties additional time to research this issue and provide additional briefing.

In its supplemental briefing following oral argument, Defendant avers that the Jones Act provisions do not apply in this case because Plaintiff has invoked the Court's admiralty jurisdiction pursuant to Rule 9(h) of the Federal Rules of Civil Procedure. Defendant argues that courts have refused to apply the jurisdictional provisions of the Jones Act to admiralty cases in the past. See Boutte v. Cenac, 346 F. Supp. 2d 922 (S.D. Tex

2004). Since Plaintiff chose to bring this case under the Court's admiralty jurisdiction, avers Defendant, the forum selection clause should be analyzed using the longstanding precedent of Bremen v. Zapata, 407 U.S. 1 (1972).

Defendant also argues that despite Plaintiff's protestations, Plaintiff received benefits from the VWCP he signed which binds him to the venue selection clause. Defendant goes on to detail the benefit plans that Plaintiff has participated in and benefitted from since his accident. As a result, argues Defendant, Plaintiff is bound by the venue selection clause of his contract.[2]

Plaintiff argues that he is entitled to the venue of his choice because his cause of action is rooted in the Jones Act. Plaintiff avers that Defendant's argument that, by invoking the Court's admiralty jurisdiction, Plaintiff cannot rely on the jurisdictional precedent under the Jones Act, lacks foundation in legal precedent, legislation, and merit.

Furthermore, Plaintiff argues that the decision to proceed without a jury was made after the forum selection phase of the proceedings and should not deprive him of his substantive right

---

[2]Defendant also indicates that it is unable to provide the documentation of Plaintiff's light duty work performed as requested by the Court at oral argument. Plaintiff contends that the wages paid to Plaintiff after the accident represent payments pursuant to the VWCP. Defendant argues that the light duty work performed by Plaintiff was part of the benefit program in which he was enrolled and that Plaintiff's work did not cover the benefits he received.

pursuant to the legislative intent of the Jones Act. See Boyd v. Grand Truck Western R. Co, 338 U.S. 263, 265 (1949).

Plaintiff further argues that the VWCP was an entirely one-sided plan which forced Plaintiff to work light duty, submit to the medical oversight of the company, and file suit in a forum completely disconnected with the accident in question in return for very little.

Plaintiff further argues that since his benefits in this plan were less than his maintenance and disability payments, he received a total of $797.50 in pay he would not have otherwise received and worked a total of 380 hours for work he would not have otherwise been required to perform.

All other payments made to Mr. Shull, avers Plaintiff, came from maintenance and the long term disability plan for which he paid.[3]

Finally, Plaintiff submits a sworn affidavit which attests that he was told that he must sign the VWCP in order to continue receiving his wages.

In its final brief submitted, Defendant asserts that it did comply with the Court's order to supply documentation of the plan. It also clarifies the calculations concerning the benefits and points out that it continued to pay for some benefits before

---

[3]Plaintiff further notes that this plan has been terminated since it is administered by the company. Plaintiff implies it was as a result of filing this suit.

the VWCP expired. Furthermore, Defendant points out that the VWCP served the purpose it was designed to by providing an interim source of benefits before Plaintiff's long term benefits set in.

**The Controlling Legal Analysis**

Plaintiff chose to amend his complaint and assert claims pursuant to Rule 9(h) of the Federal Rules of Civil Procedure and the Court's admiralty jurisdiction. A claim arising from an act aboard a ship may be brought as an action "at law" using federal question jurisdiction under the Jones Act (46 USC 688 et al.) or it may be brought under the admiralty jurisdiction of the court applying F. R. Civ. P 9(h). <u>Linton v. Great Lakes Dredge and Dock Co.</u>, 964 F.2d 1480, 1489 (5th Cir. 1992). It is the seaman's choice as to how the action will be brought. <u>Trehern v. OMI Corp.</u>, 1999 U.S. Dist. LEXIS 919 *10 n.2 (S.D.N.Y. Jan. 28, 1999); <u>Sanders v. Seal Fleet</u>, 998 F. Supp. 729, 733 (E.D. Tex. 1998).

There are certain legal distinctions which might influence whether a plaintiff chooses to bring his action under admiralty or Jones Act jurisdiction. For example, if he sues on the common law side of the court's jurisdiction, he has a right to a trial by jury. However, that right is unavailable under the court's admiralty jurisdiction. <u>Linton</u> (citing <u>Panama R. Co. v. Johnson</u>, 264 U.S. 375, 391 (1924)).

Similarly, there is a conflict between the Jones Act and

admiralty jurisdiction pursuant to Rule 9(h) of the Federal Rules of Civil Procedure with respect to venue selection. Jones Act cases are covered under the provisions of 28 U.S.C. § 1391(c). See Pure Oil v. Suarez, 384 U.S. 202, 204 (1966). Admiralty cases are specifically precluded from 28 U.S.C. § 1391(c) by Rule 82 of the Federal Rule of Civil Procedure.("An admiralty or maritime claim within the meaning of Rule 9(h) shall not be treated as a civil action for the purposes of Title 28, U.S.C., §§ 1391-93."). "The venue provisions of the Jones Act apply only to suits at law in the federal courts; they have no application to a suit brought in admiralty." Steven F. Friedell, Benedict on Admiralty, Vol. I § 127 at 8-29 n.10 (citation omitted).[4]

In the present case, Plaintiff filed his first complaint without alleging any claims arising under federal admiralty jurisdiction. Five days after the first complaint, Plaintiff invoked admiralty jurisdiction and maintained his action under the Jones Act and general maritime jurisdiction pursuant to rule 9(h).

Where admiralty has been invoked in the context of establishing a right to jury or not, the Court has found that a clear statement invoking admiralty jurisdiction trumps other causes of action. Gardner v. Transocean Offshore U.S.A., Inc.,

---

[4]There are other legal differences that may arise based on this choice such as access to an interlocutory appeal before final judgment which are irrelevant to the matter before the Court.

2004 U.S. Dist. LEXIS 2357 (E.D. La. Feb. 12, 2004); 29-704 Moore's Federal Practice - Civil § 704.01. However, the invocation of admiralty jurisdiction is not irreversible. Gardener; Romero v. Bethlehem Steel Corp., 515 F.2d 1249, 1254 (5th Cir. 1975); Subaru Distributors Corp. v. General Ship Corp.,167 F.R.D. 342, 344 (D. Mass. 1996).

The Court sees no reason not to apply the same logic here. Plaintiff's amendment to his complaint indicates an intention to assert his claim under admiralty law and to avail himself of the benefits of this designation. As such, the Court finds that this claim falls under Rule 9(h) designation and therefore the venue provisions of the Jones Act do not apply.

**Analysis of Venue in Admiralty Cases**

Change of venue in admiralty cases, like ordinary civil cases, is governed by § 1404(a). See Continental Grain Co. v. The FBL-585, 364 U.S. 19, 26-27(1960). Under 1404(a), "[f]or the convenience of parties, witnesses and in the interest of justice," courts may transfer an action "to any other district or division where it might have been brought."[5] In determining whether the transfer is proper under 28 U.S.C. § 1404(a), most courts have used the factors laid out in Gulf Oil Corp. v.

---

[5] A district where a lawsuit "might have been brought" is one in which the court would have had subject matter jurisdiction, the defendants would have been subject to personal jurisdiction, and venue would have been proper. Hoffman v. Blaski, 363 U.S. 335 (1960).

Gilbert, 330 U.S. 505, 508 (1947). These factors include both "private interest" and "public interest". Gulf Oil Corp. v. Gilbert, 330 U.S. 505, 508 (1947). The private interest factors are: (1) "the relative ease of access to sources of proof;" (2) "availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses;" (3) "possibility of view of premises, if view would be appropriate to the action;" and (4) "all other practical problems that make trial of a case easy, expeditious and inexpensive." The public interest factors to be considered are: (1) the administrative difficulties created by court congestion; (2) the "local interest in having localized controversies decided at home;" (3) the interest in "having the trial of a diversity case in a forum that is at home with the state law that must govern the case;" (4) the unfairness of burdening citizens in an unrelated forum with jury duty; and (5) the interest in avoiding unnecessary problems in conflict of laws, or in the application of foreign law. Id. at 509. As an additional public interest factor, courts consider judicial economy – that is, whether a transfer would avoid duplicative litigation and prevent waste of time and money. Van Dusen v. Barrack, 376 U.S. 612, 616 (1964). Finally, "while neither conclusive nor determinative," in this circuit "the plaintiff's choice of forum is clearly a factor to be considered." In re Horseshow Entertainment, 337 F. 3d 429, 234-35

(5th Cir. 2003).

When ruling on a § 1404(a) motion to transfer, the Court is not limited to the above factors but must instead engage in a case-by-case consideration of convenience and fairness. See Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988). At the very least, the plaintiff's privilege of choosing venue places the burden on the defendant to demonstrate why the forum should be changed. The plaintiff's privilege to choose, or not to be ousted from, his chosen forum is highly esteemed. Rodriquez v. Pan American Life Ins. Co., 311 F.2d 429, 434 (5th Cir. 1962), *vacated on other grounds by*, Pan-American Life Ins. Co. v. Rodriquez, 376 U.S.C. 779 (1962). The burden of proof in a motion to transfer is on the moving party. See Karim v. Finch Shopping Co., Ltd., 94 F.Supp.2d 727 (E.D.La. 2000) (citing In re Air Crash Disaster Near New Orleans, 821 F.2d 1147 (5th Cir. 1987)(vacated and remanded on other grounds)); see also Time, Inc. v. Manning, 366 F.2d 690, 698 (5th Cir. 1966). Unless the balance of factors strongly favors the moving party, the plaintiff's choice of forum generally should not be disturbed. Peteet v. Dow Chem. Co., 868 F.2d 1428, 1436 (5th Cir.1989), *cert. denied*, 493 U.S. 935 (1989).

It is within the sound discretion of the Court to determine whether or not it is appropriate to transfer a case. Decisions are reviewed using an abuse of discretion standard. Id. at 1426.

The Court turns to the facts of this case as applied to the legal framework laid out above. The major factor weighing in favor of the Motion to Transfer is the forum selection clause contained in an application for benefits which Plaintiff signed. However, that venue selection asks that a Missouri resident, who was injured in Louisiana working for a Florida based company with its principal offices in Illinois adjudicate his claims in Kentucky. The venue selected in this case seems to have almost no connection to the subject of the litigation.

The existence of the forum selection clause in this case weighs heavily in favor of Defendant's Motion to Transfer. However, in Stewart the Supreme Court found that while the existence of a valid forum selection clause is a "significant factor," courts should also consider "such issues as the convenience of a [...] forum given the parties' expressed preference for that venue, and the fairness of transfer in light of the forum-selection clause and the parties' relative bargaining power." Id.

The Court finds that the selected venue has no connection to the present case. The Court has discretion "to move venue to any other district or division where the suit might have been brought." Mills v. Beech Aircraft Corp., 886 F.2d 758, 761 (5th Cir. 1989) As such, the Court orders that the matter be transferred to Southern District of Illinois where the

Defendant's primary base of operations is located and where the Plaintiff has been working.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Transfer is **GRANTED.** The clerk shall transfer this case to the United States District Court for the Southern District of Illinois.

New Orleans, Louisiana, this the 26th day of February, 2010.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE